## Case No. 2,571a.
### CHAFEE v. COGGSHALL.
[6 Leg. Gaz. 342.]

Circuit Court, D. Rhode Island. June 2, 1874.

CORPORATIONS — LEVY ON INDIVIDUAL PROPERTY OF MEMBER—PRELIMINARY INJUNCTIONS.

1. Under the act of the legislature of Rhode Island concerning manufacturing corporations, a levy upon the individual property of a member of the corporation involved in this suit is allowed.

2. The granting of a preliminary injunction being a matter entirely in the discretion of the court, and it appearing to the court that no legal injury will result to the complainant by the sale of his property, the injunction asked for is refused.

In equity. Sur motions for injunction against a sale by Coggshall, United States marshal, of certain bank and manufacturing stocks levied on as the property of William Sprague, Amasa Sprague, and Edwin Hoyt, respectively, in virtue of an execution issued from the circuit court in favor of James v. Atlantic Delaine Co. [Cases No. 7,177 and 7,178].

Tillinghast & Thurston (with whom were Gardner & Hart), for Chafee and Mrs. Sprague.
Mr. Markland, for Franklyn.
Parsons & Jenckes, for Coggshall.

KNOWLES, District Judge. Three motions for a preliminary injunction are to be disposed of in consonance with the views of this court, touching its powers and duties as heretofore expressed. In Earth Closet Co. v. Fenner [Case No. 4,249], said the court: "A motion for a preliminary injunction is one of the class addressed in technical parlance to the discretion of the court. For

precedents, in any recognized sense of that word, it is therefore idle to search. By one judge an injunction may be granted to-day under a given state of facts and by another be refused to-morrow, upon identically the same state of facts, and yet neither functionary be chargeable with even error in judgment. The law makes the judge's discretion the rule, not unheedful that, in the qualities of mind which give character to an exercise of discretion, individuals differ scarcely less than in form and features. The judge is bound to decide a question of this kind as in his judgment, upon the particular case before him, the principles of equity and the practice of its courts warrant or dictate, and this whether his decision be in accord or at variance with that of his brother officer, of whatever grade or whatever locality. The largest liberty imaginable is his, practically, 'with no rules to restrain, no after reckonings to dread.' Neither upon appeal, nor by writ of error, nor even by petition for revisory action, can a judge's rulings or orders upon a motion for a preliminary injunction be subjected to correction or even criticism on the part of his superiors in official position or in judicial acumen." And more recently, in James v. Atlantic Delaine Co. [supra], said the court, adopting the language of Chancellor Kent: "The power of injunction is too peremptory and powerful in its effects to be used in such a case as this without the clearest convictions. I shall better consult the stability and utility of the powers of this court by not stretching them beyond the limits prescribed by the precedents."

· The first of these motions is that of Zachariah Chafee, trustee. To the argument in its support, and the argument against it, I have given all needful consideration, arriving at the conclusion that the motion must be denied. Granting for argument's sake that the jurisdiction of the court as to parties is not to be questioned, that the bill is ancillary to the Delaine suit, and not an original bill, and also, that the parties respondent have been duly cited, and have appeared (all points upon which I express no opinion), still my conclusion is that the motion must be denied. The complainant's case, as stated in his bill, is not, in my judgment, one which warrants an exercise by the court of its power to restrain a sale under the respondent's levy upon her execution. She is shown to have done nothing as yet that affords just cause of complaint to the complainant,—nothing that is not justifiable in view of the court's decree, and of the execution it awarded,—and what is more important, nothing that is not sanctioned and contemplated by the act concerning manufacturing corporations cited in the bill, and exhaustively discussed at the hearing. Under that act, a levy upon the property of a member of the company is allowed. not to say prescribed; and if the marshal charged with

the service of an execution, under directions from the creditor or his attorney, or without directions, makes a levy upon the property of a person not a member, he does so at his peril. There may be ground for an action of trover, trespass, replevin or debt, against the officer and his sureties, and his aiders and advisers, but no ground, it is believed and held, in view of recognized principles and sound precedents, for an injunction against the officer or his employer. Again, that the officer's proceedings are throwing a cloud over the complainant's title, a leading allegation in the bill, is a proposition to which the court can give little heed, until it can be shown that clouds upon title to personal property are clouds upon title "in equity parlance;" a task not even attempted by the learned counsel of the complainant. And, finally, the court fails to see in the allegations of the bill any reason whatever for apprehending· that any injury, · in the legal sense of the term, much less any "irreparable injury," would be inflicted upon the complainant by a sale of the attached property. This is not property, it is to be remembered, of which the purchaser can take possession at the moment of sale, and thus compel the aggrieved owner to commence proceedings to recover it, but property of which the owner practically retains possession, compelling the purchaser to show his title to possession by some proceeding at law or in equity. For any supposable damage to the owner, the law is presumed to have prescribed all needed means and modes of redress. The statute referred to may be impolitic or defective, but it does not follow that the courts of equity, state or federal, are bound to supply its defects by an exercise of their power of injunction. The federal court of equity has, by decree, awarded to the respondent administratrix an execution, to be levied in accordance with the laws of Rhode Island, upon the property of Rhode Island citizens; and it may well leave it to be determined by suits in Rhode Island courts, whether or not her laws are outraged or infringed in the service of that execution. Says the supreme court of New Hampshire (N. H. Reports, page 272), treating of an application for an injunction to stay a sale of real estate: "In many cases equity would decline to interfere, but leave the parties to their remedy at law. This would ordinarily be the case where a creditor had levied his execution upon land of his debtor which had been previously conveyed by him, but which the creditor proposed to impeach as fraudulent." The motion for an injunction in the case of Chafee, complainant, must be denied.

Of the motion in the case of Fannie Sprague, complainant, it needs only be said that as this bill is in all essentials similar to that of Chafee, that also must be dismissed.

The third and last of these motions, is that of Charles G. Franklyn et al., embodied in

their petition in equity. In this case it is contended in the interest of the respondent, by counsel who appear (as they set forth in writing), simply to protest against any action upon the motion by the court, and to move to take the petition off the files, that the court has no jurisdiction over the matter to which the petition relates, and in support and in denial of this proposition, learned and elaborate arguments were submitted by the counsel respectively. My conclusions upon this point, it seems, it is not necessary here to state, inasmuch as, upon other grounds, I arrive at the determination that the petition must be dismissed, in so far as relates to the issue of an injunction of the sale of the attached property therein specified and referred to. Granting for the argument's sake, that the petitioners' standing in court is unexceptionable as relates to their residence and interest in the matter,—nay, granting that Mr. Hoyt himself were the petitioner,—I should still be constrained to adjudge that no sufficient ground is shown for the issuing of an injunction as prayed. From the organization of the company, in 1851, it is conceded he had been a leading member, at one time president, and for a long period a director, enjoying all the advantages, whatever these were, incident to the transaction of business under the manufacturing act of Rhode Island. It is conceded, too, that he was active in the management of the prolonged suit which resulted in the decree in favor of the respondent administratrix; that he was apprised of the issue of the execution and of its levy upon his property, on the 20th of April, and lastly, until about the 12th of May, he was in full life, and actively engaged in managing his business, daily in conference with gentlemen of the legal profession. The gentlemen now petitioning are the persons named as the executors in his will, not at the date of the filing of the petition approved by the probate court of the city of his residence; their rights and equities, surely, can be nowise superior to his. Besides, the grounds upon which a stay of the sale under the levy is asked, are not of the character recognized by a court of equity, as demanding or warranting a stay of an execution as to personal property issuing from a court of law, even much less to warrant a stay of an execution, based on a decree of its own, after a litigation of fifteen years' continuance. That injury of any kind or grade is likely to result from a sale of the property, as advertised, is not even alleged in the petition, nor indeed in the argument. The allegations of fact and of law embodied in the petition, however truthful, and however pertinent they might be in certain imaginable connections, must be regarded as of inconsiderable weight, in this application for a preliminary injunction, by persons merely the representatives of Mr. Hoyt. For his failure or neglect to move in this matter between the 20th of April and his decease on the 15th of May, no sufficient reason is shown or suggested, a circumstance not without weight and significance in this connection. As already indicated, the prayer for a preliminary injunction must be denied; but the petition itself, having been regularly filed, on the 29th of May, must stand upon the docket, as a petition filed, but of the filing of which the principal respondent, Mrs. James, has, as yet, no notice, other than by service of citation upon her attorneys of record in the suit in equity, James v. Atlantic Delaine Co. [supra], in which a final decree was rendered as long since as February 19th, 1874. The three motions are severally disallowed.